IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CLAYTON LAMONT HOWARD,** | 04-CV-6207-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **SAMUEL LACY and BRIAN E. BELLEQUE,** | |
| Defendants. | |

**CLAYTON LAMONT HOWARD**
SID No. 5838277
2605 State Street
Salem, OR  97310

    Plaintiff, *Pro Se*

**HARDY MYERS**
Attorney General
**LEONARD W. WILLIAMSON**
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301
(503) 947-4700

    Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion to Dismiss (#34), Plaintiff's Motion to Strike (#73), Plaintiff's Motion for Summary Judgment (#60), Plaintiff's Motion for Leave to File Late Motion for Summary Judgment (#74), and Plaintiff's Motion for Hearing (#59).

For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss (#34), **DENIES** Plaintiff's Motion to Strike (#73), **DENIES** Plaintiff's Motion for Summary Judgment (#60), **GRANTS** Plaintiff's Motion for Leave to File Late Motion for Summary Judgment (#74)**,** and **DENIES** Plaintiff's Motion for Hearing (#59).

## FACTUAL BACKGROUND

The following facts are undisputed unless otherwise noted:

Plaintiff Clayton Lamont Howard is an inmate at Oregon State Penitentiary (OSP). On September 25, 2000, while Plaintiff was in the disciplinary segregation unit (DSU) of OSP, a property officer, Defendant Samuel Lacy, brought Plaintiff all of the items from his cell so he could separate his property from that of his cellmate who was being transferred out of OSP. At that time, Lacy informed Plaintiff that he could have only one of his four boxes of legal materials in his cell, and the remaining materials would go to the OSP law library for storage.

2 - OPINION AND ORDER

Accordingly, Plaintiff went through the four boxes of legal materials and selected one box to remain in his cell. As noted, the three remaining boxes were to be placed in storage at the law library.

When Plaintiff was released from the DSU, he went to the OSP law library to find out how to access his three boxes of legal materials presumably placed in storage. At that time, Lacy informed Plaintiff that he had mailed all three of the boxes to Plaintiff's mother. Plaintiff sent numerous inmate communications and filed grievances regarding the removal of the legal documents from OSP.

On January 18, 2001, Plaintiff filed a petition for habeas corpus relief in Marion County Circuit Court against the Superintendent of OSP in which he alleged, among other things, that Lacy mailed Plaintiff's three boxes of legal documents to Plaintiff's mother, which allegedly caused the violation of Plaintiff's First and Fourteenth Amendment rights of access to the courts and due process.

On December 10, 2001, Marion County Circuit Court Judge Joseph V. Ochoa held a hearing on Plaintiff's habeas petition. At that hearing, the court asked Plaintiff and defense counsel whether Plaintiff could ask his mother to return the boxes so Plaintiff could go through them to retrieve the items he needed for various parole-board hearings and other legal proceedings.

3 - OPINION AND ORDER

Judge Ochoa then met with counsel in his chambers and proposed Plaintiff make arrangements to have his mother return the boxes of documents, Plaintiff be allowed to go through the documents, and the parties inform the court in 60 days whether the matter was moot. The parties agreed to that course of action.

On May 3, 2002, the court held a second hearing. At that time, the parties noted Plaintiff's mother had sent the three boxes of documents to Plaintiff, but Plaintiff alleged some of the documents that he believed should have been in the boxes were missing.

On May 10, 2002, the court dismissed Plaintiff's habeas petition and issued a Judgment of Dismissal with Prejudice. The court concluded

> regulations were followed when plaintiff's papers were shipped out of [OSP], and . . . such regulations are not unconstitutional. Plaintiff fails to meet his burden of proof to show that he has suffered an actual injury because of the missing papers. Plaintiff has failed to prove that defendant has actively interfered with plaintiff's papers, i.e., has intentionally misplaced or destroyed these papers. The court notes that the chain of custody included another inmate, and that at least some of these papers are available to plaintiff from other sources. Furthermore, as these papers may relate to future legal actions, plaintiff fails to make a showing that he is likely to prevail in these actions.

Plaintiff contends on June 7, 2002, while Plaintiff again was in the DSU, Corrections Officer Plante informed him that Lacy had remailed the boxes to Plaintiff's mother. Plaintiff,

however, contends he learned the boxes had not actually been mailed at that time, and, therefore, he sent numerous "kites" to Lacy and Defendant Brian Belleque in addition to filing a grievance on June 16, 2002, to have the boxes remain at OSP until he was released from DSU.

On June 27, 2002, Lacy again mailed the boxes to Plaintiff's mother.

## PROCEDURAL BACKGROUND

On June 29, 2004, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 alleging (1) Defendants' initial mailing of the boxes violated Plaintiff's First and Fourteenth Amendment rights of access to the courts and due process, (2) Defendants' second mailing of the boxes violated Plaintiff's First and Fourteenth Amendment rights of access to the courts and due process, and (3) Defendants' second mailing of the documents out of OSP rather than placing the documents in storage was Defendants' way of retaliating against Plaintiff for filing a habeas petition in state court.

On September 6, 2005, Defendants filed a Motion to Dismiss for lack of subject-matter jurisdiction on the grounds that (1) the Eleventh Amendment bars all claims against the State Defendants acting in their official capacities, (2) supervisors cannot be held liable under § 1983 through *respondeat superior*,

5 - OPINION AND ORDER

and (3) Plaintiff's claims are precluded by *res judicata* and collateral estoppel.

On September 18, 2006, Plaintiff filed a Motion for Summary Judgment as to all of his claims. Plaintiff also filed a Motion for an Evidentiary Hearing to address Defendants' anticipated dispute of the facts that Plaintiff alleged as to Officer Plante.

On October 20, 2006, Defendants filed a Motion to File a Late Response to Plaintiff's Motion for Summary Judgment and a proposed Response to Plaintiff's Motion. On October 24, 2006, the Court granted Defendants' Motion to File a Late Response, and on October 26, 2006, Defendants filed their Response. In their Response, Defendants argue Plaintiff's Motion for Summary Judgment was filed untimely, and, in spite of that fact, Plaintiff did not seek an extension of time to file his Motion. On that same day, Plaintiff filed a Motion for Leave to File a Late Motion for Summary Judgment and a Motion to Strike Defendants' Request to File a Late Response to Plaintiff's Motion for Summary Judgment.

<div align="center">**STANDARDS**</div>

**I.   Motion to Dismiss**

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the

6 - OPINION AND ORDER

complaint's jurisdictional allegations.  *Autery v. U.S.*, 424 F.3d 944, 956 (9th Cir. 2005).  The court may permit discovery to determine whether it has jurisdiction.  *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  The court has broad discretion in granting discovery and may narrowly define the limits of such discovery.  *Id.*  When the court "receives only written submissions, the plaintiff need only make a *prima facie* showing of jurisdiction."  *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

Plaintiff has the burden to establish that the court has subject-matter jurisdiction.  *Ass'n of American Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

**II.  Motion for Summary Judgment**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  The moving party must show the absence of a genuine issue of material fact.  *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial.  *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th

7 - OPINION AND ORDER

Case 3:04-cv-06207-BR    Document 76    Filed 01/25/07    Page 8 of 20

Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Id*.  A mere disagreement about a material issue of fact, however, does not preclude summary judgment.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required.  *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

### **PLAINTIFF'S MOTION TO STRIKE (#73) DEFENDANTS' MOTION TO FILE A LATE RESPONSE TO PLAINTIFF'S MOTIONFOR SUMMARY JUDGMENT**

On October 26, 2006, Plaintiff moved to strike Defendants' Motion to File a Late Response.  The Court, however, granted Defendants' Motion to File a Late Response on October 24, 2006.

Accordingly, the Court denies Plaintiff's Motion to Strike as moot.

8 - OPINION AND ORDER

### PLAINTIFF'S MOTION FOR LEAVE (#74) TO FILE A LATE MOTION FOR SUMMARY JUDGMENT

The deadline for filing dispositive motions was September 6, 2005. Plaintiff filed his Motion for Summary Judgment on September 18, 2006. On October 20, 2006, Plaintiff moved to have his Motion for Summary Judgment deemed to be filed timely.

Plaintiff is *pro se* and may be unfamiliar with court procedures. In addition, the Court granted Defendants' request to file a late response to Plaintiff's Motion, and the Court also has granted both parties' past requests for extensions of time.

Accordingly, in the exercise of its discretion, the Court grants Plaintiff's Motion for Leave to File a Late Motion for Summary Judgment and deems Plaintiff's Motion as filed timely.

### PLAINTIFF'S MOTION FOR HEARING (#59)

Plaintiff moved for an evidentiary hearing to address Defendants' anticipated dispute of the facts that Plaintiff alleged as to Officer Plante. Defendants, however, did not file a Response to Plaintiff's Concise Statement of Facts and, therefore, do not appear to dispute Plaintiff's alleged facts as to Officer Plante.

Accordingly, the Court denies Plaintiff's Motion for Hearing as moot.

9 - OPINION AND ORDER

**DEFENDANTS' MOTION TO DISMISS (#34)**

Defendants move to dismiss Plaintiff's Complaint on the grounds that (1) the Eleventh Amendment bars § 1983 claims against the State Defendants acting in their official capacities, (2) supervisors cannot be held liable under § 1983 through *respondeat superior*, and (3) Plaintiff's claims are barred by *res judicata* and collateral estoppel.

**I.   Eleventh Amendment Immunity and § 1983**

The Eleventh Amendment provides:  "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Although the Eleventh Amendment "by its terms does not bar suit against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suit brought in federal courts by her own citizens as well as by citizens of another State."  *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974).

In addition, the Supreme Court has held actions against state officials acting in their official capacities are equivalent to actions against the State itself and, therefore, raise the same Eleventh Amendment concerns as actions against the State.  *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). Accordingly, the Ninth Circuit has concluded the Eleventh

10 - OPINION AND ORDER

Amendment bars claims for money damages against state officials acting in their official capacities. *Blaylock v. Schwinden*, 862 F.2d 1352, 1353 (9th Cir.1988).

A plaintiff may only bring an action under § 1983 against a "person" acting under color of state law in violation of the plaintiff's constitutional rights. An action for damages may not be brought against a state official acting in his official capacity under § 1983 because a state official acting in his official capacity is not a "person" within the meaning of that statute. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64-71 (1989).

A state official acting in his official capacity, however, may be sued for prospective injunctive relief under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Id.* at n.10. *See also Bank of Lake Tahoe v. Bank of Am.,* 318 F.3d 914, 918 (9th Cir. 2003).

Accordingly, to the extent Plaintiff brings claims for damages under § 1983 against Defendants acting in their official capacities, the Court grants Defendants' Motion to Dismiss on the ground of Eleventh Amendment immunity.

## II. *Respondeat Superior* Liability

An individual whose federal constitutional rights have been violated by a public official acting under color of state law may

11 - OPINION AND ORDER

bring an action against the official for damages pursuant to § 1983. *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir. 2001). To prevail on a claim under § 1983, the plaintiff must establish "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)(citations omitted).

"[F]or a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no *respondeat superior* liability under section 1983." *Id.*

Here, therefore, even if Lacy, acting in his official capacity, violated Plaintiff's constitutional rights, Belleque cannot be held liable solely on the basis that he is Lacy's supervisor. Moreover, the record does not reflect Belleque personally participated in either the mailing of Plaintiff's documents or in the alleged retaliation against Plaintiff for filing a habeas action.

Accordingly, the Court grants Defendants' Motion to Dismiss with respect to Plaintiff's claims against Defendant Belleque.

### III. *Res Judicata* or Collateral Estoppel

Defendants contend Plaintiff's Complaint is barred by *res judicata* and/or collateral estoppel.

Courts now generally refer to *res judicata* as claim

12 - OPINION AND ORDER

preclusion. Under the doctrine of claim preclusion, a final judgment on the merits rendered by a court of competent jurisdiction is conclusive and constitutes an absolute bar to a subsequent identical action against the same defendant or those in privity with that defendant. *Montana v. United States*, 440 U.S. 147, 153 (1979). A claim or cause of action is identical when "the suits arise out of the same transactional nucleus of facts." *Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 406 (9th Cir. 1985). *See also Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980).

### A. Marion County Circuit Court Decision as to Plaintiff's Habeas Petition

In his state court habeas petition, Plaintiff alleged, among other things, the mailing of his three boxes of legal materials to his mother violated his Fourteenth Amendment right to due process and his First Amendment right to access to the courts. As noted, the Marion County Circuit Court examined evidence and held hearings on Plaintiff's claims and concluded

> regulations were followed when plaintiff's papers were shipped out of [OSP], and . . . such regulations are not unconstitutional. Plaintiff fails to meet his burden of proof to show that he has suffered an actual injury because of the missing papers. Plaintiff has failed to prove that defendant has actively interfered with plaintiff's papers, i.e., has intentionally misplaced or destroyed these papers.

Accordingly, the Marion County Circuit Court denied

13 - OPINION AND ORDER

Plaintiff's habeas petition relating to his claims for violation of his First and Fourteenth Amendment rights and entered a judgment dismissing the matter with prejudice.

### B. Plaintiff's Claims that the First Mailing of Documents Violated His Rights under the First and Fourteenth Amendments

Plaintiff's claims for violation of his First and Fourteenth Amendment rights arising from the first time Lacy mailed Plaintiff's legal documents are barred by claim preclusion for the following reasons:  (1) there is an identity of Plaintiff's claims in his habeas petition and in this action because the claims arise out of the same transactional nucleus of facts, *see In Re Int'l Nutronics, Inc.*, 28 F.3d 965, 971 (9th Cir.1994); (2) the Marion County Circuit Court entered a final judgment on the merits of these claims on May 10, 2002; and (3) there is an identity of parties.  As employees of OSP, Defendants also meet the privity requirements for purposes of claim preclusion.  *See Spector v. El Ranco, Inc.*, 263 F.2d 143, 145 (9th Cir.1959).

In summary, to the extent Plaintiff seeks to bring claims for violations of his rights under the First and Fourteenth Amendments as to the first time that Lacy mailed Plaintiff's boxes of legal documents to Plaintiff's mother, the Court concludes Plaintiff's claims are barred by claim preclusion.  Because the Court decides this matter under claim

14 - OPINION AND ORDER

preclusion, the Court does not address Defendants' alternative collateral-estoppel defense.

Accordingly, the Court grants Defendants' Motion to Dismiss with respect to Plaintiff's claims based on Defendants' first mailing of Plaintiff's legal documents.

### C. Plaintiff's Claim that the Second Mailing Violated His Right to Due Process under the Fourteenth Amendment

Plaintiff contends the second time Lacy mailed Plaintiff's legal documents to Plaintiff's mother, Lacy violated Plaintiff's right to due process under the Fourteenth Amendment.

To claim a violation of the due-process right of access to the courts, a prisoner must allege that he or she has suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). *See also Madrid v. Gomez,* 150 F.3d 1030, 1041 (9th Cir. 1998)(the United States Constitution only provides prisoners with the ability to present their grievances to the courts). "An 'actual injury' consists of some specific 'instance in which an inmate was actually denied access to the courts.'" *Brown v. Quigley*, 853 F. Supp. 325, 328 (N.D. Cal. 1994)(quoting *Sands v. Lewis*, 886 F.2d 1166, 1169-71 (9th Cir. 1989)).

Plaintiff contends he was actually injured by the lack of access to his legal documents because without them (1) he was unable to file a civil-rights complaint relating to denial of his pain medication, (2) he was hampered in his ability to present his case to the parole board, and (3) he was unable to file a

15 - OPINION AND ORDER

civil-rights complaint relating to a loud exhaust fan that prevented OSP staff from hearing his calls for help when he injured his back (hereinafter referred to as Plaintiff's claim based on the exhaust-fan incident).

Plaintiff asserted claims for denial of his pain medication and lack of access to his legal documents for his parole-board hearing in his habeas petition in the Marion County Circuit Court.  The court, however, held the defendants had not been deliberately indifferent to Plaintiff's medical needs and Plaintiff had not demonstrated an actual injury with respect to his parole-board hearing.  Thus, Plaintiff's allegations of actual injury based on the alleged denial of pain medication and the lack of access to legal documents for his parole-board hearing also are barred by claim preclusion.  Accordingly, these allegations of actual injury by Plaintiff do not provide grounds for his claims that he was denied access to the courts or that his rights to due process were violated.

In addition, Plaintiff's allegation of actual injury relating to his claim based on the exhaust-fan incident does not support Plaintiff's claim that he was denied access to the courts because it involves an incident that occurred on June 5, 2001, before Plaintiff filed his habeas petition in state court.  The Ninth Circuit has held

> Newly articulated claims based on the same
> nucleus of facts may still be subject to a

16 - OPINION AND ORDER

>    *res judicata* finding if the claims could have
>    been brought in the earlier action. As we
>    [have] stated . . .:
>
>>    Res judicata bars relitigation of all
>>    grounds of recovery that were asserted,
>>    or could have been asserted, in a
>>    previous action between the parties,
>>    where the previous action was resolved
>>    on the merits. It is immaterial whether
>>    the claims asserted subsequent to the
>>    judgment were actually pursued in the
>>    action that led to the judgment; rather,
>>    the relevant inquiry is whether they
>>    could have been brought.

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)(quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905 (9th Cir. 1998)).

In his habeas petition, Plaintiff did not include his inability to file an action because of the exhaust-fan incident as an "actual injury" in support of his claims of denial of access to the courts. As noted, "the relevant inquiry is whether [that claim] could have been brought." Here Plaintiff could have but failed to include his inability to file an action due to the exhaust-fan incident as an actual injury in support of his habeas petition.

The Court, therefore, concludes Plaintiff's allegation of actual injury based on his inability to file an action based on the exhaust-fan incident is barred by claim preclusion.

Accordingly, the Court grants Defendants' Motion to Dismiss as to Plaintiff's claim that Defendants' second mailing

17 - OPINION AND ORDER

of Plaintiff's legal files violated Plaintiff's right to due process under the Fourteenth Amendment.

### D. Plaintiff's Claim that the Second Mailing Allegedly in Retaliation Against Plaintiff for Filing a Habeas Petition Violated Plaintiff's First Amendment Rights

Plaintiff contends the second time Lacy mailed out the boxes, he did so in retaliation for Plaintiff's filing of a petition for habeas corpus relief.  Plaintiff alleges the same actual injury to support this claim as he does to support his due-process claim:  denial of access to documents necessary for his parole hearing, inability to file an action based on Defendants' failure to provide medication, and inability to file an action based on the exhaust-fan incident.

To establish a *prima facie* case of retaliation under § 1983, a plaintiff must allege (1) he was retaliated against for exercising a constitutional right and (2) the alleged retaliatory action did not advance legitimate, penological goals such as preserving order and discipline.  *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994).  The plaintiff must submit evidence to establish a link between the exercise of his constitutional rights and the alleged retaliatory action.  *Id.*  The plaintiff must also establish the defendants' actions caused him actual injury.  *Resnick v. Hayes*, 213 F.3d 443, 439 (9th Cir. 2000).

For the same reasons that Plaintiff's alleged actual injuries are not sufficient to sustain Plaintiff's due-process

18 - OPINION AND ORDER

claim, the Court concludes Plaintiff's alleged actual injuries are not sufficient to sustain a retaliation claim.

Accordingly, the Court grants Defendants' Motion to Dismiss as to Plaintiff's retaliation claim.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#60)

Plaintiff moves for summary judgment as to all of his claims. Because the Court has granted Defendants' Motion to Dismiss as to (1) Plaintiff's claims for damages against Defendants in their official capacities, (2) Plaintiff's claims against Defendant Belleque, and (3) Plaintiff's claim for violation of his right to due process under the Fourteenth Amendment, the Court denies Plaintiff's Motion for Summary Judgment as to these claims.

With respect to Plaintiff's retaliation claim, Plaintiff did not present any evidence that Defendants acted in retaliation for Plaintiff's filing of his habeas petition. Plaintiff's mere allegation is insufficient to succeed on a motion for summary judgment. *See Barnett*, 31 F.3d at 815-16. *See also Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (plaintiff must submit evidence to establish a link between the exercise of his constitutional rights and the alleged retaliatory action).

Accordingly, the Court denies Plaintiff's Motion for Summary

19 - OPINION AND ORDER

Judgment as to Plaintiff's retaliation claim.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment (#60) **DENIES** Plaintiff's Motion to Strike (#73), **GRANTS** Plaintiff's Motion for Leave to File Late Motion for Summary Judgment (#74)**, DENIES** Plaintiff's Motion for Hearing (#59), and **GRANTS** Defendants' Motion to Dismiss (#34).

IT IS SO ORDERED.

DATED this 25th day of January, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

20 - OPINION AND ORDER